UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Foster, ) | C/A No. 9:15-3787-TMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Tim Riley, Warden; G. Lane, Asst. Warden ) | |
| Operations; Sgt. McMorris, Property ) | |
| Control; J. Gamell, Grievance Coordinator; ) | |
| Cpl. Bennder, known as Sgt. Bennder,[1] ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Plaintiff, Robert Lee Foster, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Tyger River Correctional Institution (TRCI), part of the South Carolina Department of Corrections (SCDC). Plaintiff seeks monetary damages for alleged violations of his constitutional rights. Complaint, ECF No. 1 at 5.[2]

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and

---

[1]In his Complaint, Plaintiff named as a Defendant an unnamed correctional officer. In the service documents submitted to the Court, he now appears to have identified this Defendant as "Cpl. Bennder, known as Sgt. Bennder."

[2]In an order dated November 10, 2015, Plaintiff was directed to provide certain items to bring this case into proper form on or before December 4, 2015. See ECF No. Plaintiff failed to provide the required items, and the undersigned issued a report and recommendation for summary dismissal of the case pursuant to Rule 41(b), Fed. R. Civ. P. on December 14, 2015. See ECF No. 11. Thereafter, Plaintiff provided some of the required item on December 18, 2015 (ECF Nos. 13-15), and he filed objections to the report and recommendation on December 29, 2015. The prior report and recommendation was then vacated based on Plaintiff's substantial compliance with the proper form order (ECF No. 17).



§ 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 679-679 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

### Discussion

Plaintiff claims that two of his law books (The United States Supreme Court Rules of Procedure and the Federal Rules of Civil Procedure) were lost during his transfer from the Lee Correctional Institution of the SCDC to the TRCI. He asserts that these books were his "lifeline" for access to the courts to challenge his criminal and civil actions, and complains that his grievance concerning the alleged incident was returned unprocessed. Complaint, ECF No. 1 at 2-5. Plaintiff



2

requests monetary compensation for his lost property and for the "unlawful time" he has been incarcerated. Id. at 5.

This Complaint is subject to summary dismissal because Plaintiff failed to exhaust his administrative remedies as to the alleged actions prior to filing this lawsuit. Before a prisoner can proceed with a lawsuit in federal court he must first exhaust his administrative remedies as required by the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740–41 (2001).

To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" Woodford v. Ngo, 548 U.S. 81 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Further, while a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; id. at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).



3

Here, a plain reading of the Complaint shows that Plaintiff did not properly exhaust his available administrative remedies prior to filing this action. Although Plaintiff checked a box on the Complaint form stating that he received a final institutional answer or determination concerning the matters alleged, he states that he filed a grievance on August 3, 2015 and received a response on August 14, 2015, that the grievance was being returned "unprocess [sic]." ECF No. 1 at 2. There is no indication that Plaintiff ever pursued a Step 2 appeal of this decision, which was necessary to exhaust his claims under § 1983. See Malik v. Ward, No. 8:08-1886-RBH-BHH, 2010 WL 1010023, at *6 (D.S.C. Feb. 4, 2010).

Because it did not appear that Plaintiff had exhausted his administrative remedies by filing Step 1 and Step 2 (appeal of Step 1) grievances as to the issues alleged in his Complaint, special interrogatories were sent to Plaintiff, to which he filed a response on December 18, 2015. See ECF Nos. 7-1, 14. In response to the special interrogatories, Plaintiff stated that he filed a grievance concerning the matters alleged on August 3, 2015, and that it was returned to him unprocessed on August 13, 2015. Plaintiff admits that he did not thereafter file a Step 2 grievance appeal, giving as a reason that the "Step 1 unprocess [sic] by the same coordinator here at TRCI ...." He also states that he filed grievances directly with the Grievance Branch in Columbia, South Carolina, but has not received responses, and the kiosk shows that he still has grievances pending. Plaintiff's Answers to the Court's Special Interrogatories, ECF No. 14 at 1-2.

It is clear from the foregoing that Plaintiff has not exhausted any of the grievances he states he filed, and thus has not exhausted his available administrative remedies as to the matters alleged in his Complaint. Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999)[An inmate incarcerated in a state prison must first comply with the grievance procedures established by the state



4

department of corrections before filing a federal lawsuit under section 1983.]; Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Williams v. Reynolds, No. 12-138, 2013 WL 4522574 at * 4 (D.S.C. Aug. 27, 2013) ["Nevertheless, even if Plaintiff did file a Step 1 grievance that was returned unprocessed, there is no evidence that Plaintiff filed a Step 2 grievance or otherwise appealed the decision not to process the Step 1 grievance."]. Further, Plaintiff also acknowledges that he has pending grievances. Exhaustion is a prerequisite to suit that must be completed prior to filing an action, and a prisoner does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation. Therefore, even if Plaintiff exhausted his pending grievances, that would not save this case from dismissal. See Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d at 677, see also Neal v. Goord, 267 F.3d 116, 123 (2nd Cir. 2001)[holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."], overruled on other grounds by Porter v. Nussle, 534 U.S. 516, 532 (2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir. 2001)[rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999)[a prisoner may not exhaust administrative remedies during the pendency of the federal suit]; Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ["[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."].



Additionally, even if Plaintiff's Complaint was not subject to summary dismissal for failure to exhaust, his request for monetary damages for his alleged "unlawful imprisonment" is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of their sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck v. Humphrey, 512 U.S. at 487. Since Plaintiff's claim that he is "unlawfully imprisoned" implicitly questions the validity of his conviction,[3] it is subject to dismissal under Heck because Plaintiff has not demonstrated that his conviction has been previously invalidated. Id., at 486-487.

Further, Plaintiff has also failed to state a claim concerning his missing property. To the extent Plaintiff is claiming that the Defendants were negligent, claims for negligence are not actionable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986). Additionally, while the Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law;" U.S. Const. amend. XIV, § 1; an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful

---

[3]Records from the Spartanburg County Circuit Court and the SCDC indicate that Plaintiff was convicted (on May 20, 2008) on an October 3, 2007 charge of manufacture/distribute cocaine base, 3rd offense and sentenced to twenty years imprisonment. See Spartanburg County Seventh Judicial Circuit Public Index, http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?CourtAgency=42001&Casenum=2008GS4202261&CaseType=C ; http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Robert Lee Foster"](last visited Feb. 1, 2016). This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].



6

post-deprivation remedy for loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Mora v. City of Gaithersburg, 519 F.3d 216, 230–31 (4th Cir.2008); Bogart v. Chapell, 396 F.3d 548, 561–63 (4th Cir. 2005)[finding that intentional destruction of the plaintiff's animals did not violate the due process clause where plaintiff was afforded a meaningful post-deprivation remedy]. In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization; see McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir.1986)(citing S.C.Code Ann. § 15–69–10 et seq.); and it has been held that such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)).

To the extent that Plaintiff is attempting to state a claim for violation of his First Amendment right of access to the courts, a prisoner seeking to assert an access-to-court claim under § 1983 must specifically allege facts that would support a finding that jail or prison officials' conduct inflicted an "actual injury and prejudice" to the inmate; i.e. that their conduct hindered the inmate's efforts to pursue a non-frivolous legal claim. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987) ("[C]ourts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]. The Complaint fails to allege sufficient facts to state a plausible claim, as Plaintiff has made only vague claims, and has not alleged any specific injury or prejudice. See also Bounds v. Smith, 430 U.S. 817, 828 (1977); Lewis v. Casey, 518 U.S. 343, 354-55 (1996). Additionally, although Plaintiff wrote the word "retaliation" on the front page of his Complaint, he provides no facts to support a retaliation claim. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) [Bare assertions of retaliation do not establish a claim of constitutional dimension]. Further, in order to state a claim for retaliation, an inmate must



7

show that the alleged retaliation had an adverse impact on the exercise of his constitutional rights. Id. at 75; see also Suarez Corp. v. McGraw, 202 F.3d 676, 685–86 (4th Cir. 2000).

Plaintiff also appears to claim that the Defendants failed to process his request(s) to staff and/or grievance(s). To the extent this was intended to be a separate claim, it is not actionable under § 1983. See Adams v. Rice, 40 F.3d at 75; see also Smith v. Ray, 36 F. App'x 99, *1 (4th Cir. 2002) ["[A]ccess to the grievance procedure is not a constitutionally protected right[.]"]. Further, to the extent that Plaintiff is alleging the Defendants violated SCDC rules concerning the processing of his requests to staff and/or grievances, this assertion also does not constitute a violation of Plaintiff's constitutional rights, and is therefore not assertable in a § 1983 action. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992); cf. Johnson v. S.C. Dep't of Corrs., No. 06–2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007)[The plaintiff's allegation that defendants did not "follow their own policies or procedures, standing alone, does not amount to a constitutional violation."](citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)[if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).

Finally, all of the Defendants are employees of SCDC, and as employees of the State of South Carolina they are entitled to Eleventh Amendment immunity in their official capacities as to any claims against them for monetary damages. Plaintiff's claims relate to actions the Defendants took in the course of their official duties, and the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs.



8

Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945)); see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Soc. Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).

      While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. To the contrary, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).



## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 3, 2016
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

