IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Lee Foster, | ) | |
| | ) | C/A No. 9:15-3787-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Warden Tim Riley, | ) | |
| Asst. Warden G. Lane, | ) | |
| Sgt. McMorris, Grievance | ) | |
| Coordinator J. Gambrell, | ) | |
| The Correctional Officer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Robert Lee Foster ("Foster"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. On December 14, 2015, the magistrate judge filed a Report and Recommendation ("Report") in which she recommended that the Complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 11). Foster timely filed objections. (ECF No. 17).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*

*v.2 Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The magistrate judge summarizes the facts and background of this case in her Report. Briefly, Foster is raising claims related to two missing law books. Foster alleges he was not allowed to take his legal materials and books during a prison transfer and his books were stored, but when he was allowed to retrieve his property, two law books were missing. Foster alleges the property was not properly secured during the transfer, and another inmate either stole the books or was given the books. Foster filed a Step One grievance, which was returned unprocessed, and Foster did not pursue the grievance any further. The magistrate judge determined that Foster had not exhausted his administrative remedies. (Report at 4). Additionally, the magistrate judge determined that, even if Foster had exhausted his administrative remedies, Foster's request for monetary damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and Foster has failed to state a claim concerning the missing law books. (Report at 6-7).

In his objections, Foster contends he is bringing a retaliation claim based on two legal books being stolen, and a corresponding claim for violations of his First and Fourteenth Amendment rights because he states that the legal books were his lifeline to his criminal and civil actions. (Objections at 1-2). Foster contends that because his Step One grievance was returned unprocessed, he was unable to file a Step Two grievance. (Objections at 4). Further, he argues he made every attempt to exhaust his administrative remedies, but it would have been useless to file a Step Two grievance. (Objections at 6, 7). Foster also alleges there remains a pending grievance which he filed on August 3, 2015. (Objections at 7).

The court agrees with the magistrate judge's determination that Foster failed to exhaust

his administrative remedies prior to bringing this action. *Williams v. Reynolds*, No. 4:12-cv-138-RMG, 2013 WL 4522574, at *4 (D.S.C. Aug. 27, 2013) (finding that "even if Plaintiff did file a Step 1 grievance that was returned unprocessed, there is no evidence that Plaintiff filed a Step 2 grievance or otherwise appealed the decision not to process the Step 1 grievance" and therefore Plaintiff failed to exhaust his administrative remedies). *See also Bryan v. S.C. Dep't of Corrs.*, C/A No. 4:08-cv-1590-TLW-TER, 2009 WL 702864, at *3 (D.S.C. Mar. 16, 2009) ("The fact that a grievance was unprocessed, without more, is insufficient to show that [the Defendants] prevented [the Plaintiff] from exhausting his administrative remedies."); *Peoples v. S.C. Dep't of Corrs.*, C/A No. 8:07-2897-CMC-BHH, 2008 WL 1902718, at *1 (D.S.C. Apr. 28, 2008) (finding that a returned and unprocessed grievance does not necessarily render remedies unavailable). Moreover, in his objections, Foster does not object to the magistrate judge's finding that Foster's claims are barred by *Heck*, or that he has failed to state a claim concerning his missing property. Accordingly, the court has reviewed the Report and, finding no clear error, adopts it. *See Diamond*, 416 F.3d at 315.

## Conclusion

Based on the foregoing, the court adopts the Report (ECF No. 11) and the Complaint is **Dismissed** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

April 21, 2016
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3